FILED
SUPERIOR COURT
OF GUAM

2021 NOV 24 AM 11: 33

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED | Civil Case No. CV0478-18 |
| Plaintiff, | |
| v. | DECISION AND ORDER REINFORCING DENIAL OF DEFENDANT'S MOTION OF RECUSAL & DISQUALIFICATION |
| SHERIF ANTOUN PHILLIPS, M.D. | |
| Defendant. | |

### INTRODUCTION

This Court sits as the court designated to review and determine the Motion for Reconsideration of Decision and Order Denying Defendant's Motion of Recusal & Disqualification of Judge Elzye M. Iriarte ("Motion for Reconsideration") filed by Defendant Sherif Antoun Phillips, M.D. ("Defendant"). Once again, having found no grounds to disqualify Judge Iriarte, the Court **DENIES** Defendant's Motion for Reconsideration.

### BACKGROUND

On July 23, 2021, Defendant Sherif Antoun Phillips, M.D. ("Defendant") filed his Motion of Recusal & Disqualification. Defendant claims he will not receive a fair trial under Judge Iriarte as she has a demonstrated history of making errant rulings favoring the Plaintiffs. Motion of Recusal & Disqualification at ¶ 7 (Jul. 23, 2021). Defendant claims these rulings were all made despite Judge Iriarte's court having no jurisdiction over Defendant. Id. at ¶ 5. Defendant then lists multiple rulings attributed to Judge Iriarte that he believes demonstrate this abuse of discretion. Id. at ¶ 7. Defendant also accuses the Court of being unprepared, having not known a North Carolina order wasn't final and twice scheduling Remote Hearings without having any agenda set forward.

Id. at ¶ 7(j)-(k). Defendant finally points out that in the two years this case has gone before Judge Iriarte, she has never once granted any of his motions. Id. at ¶ 7(m).

On August 5, 2021, Judge Iriarte filed her Answer to Motion of Recusal & Disqualification ("Answer"). Judge Iriarte argued that Defendant failed to meet the burden of proof required for a disqualification, and that none of her decisions in this case demonstrate bias for or against a particular party. Answer at ¶ 7 (Aug. 5, 2021).

On August 6, 2021, the undersigned Judge Lamorena, III was assigned to review Defendant's Motion of Recusal & Disqualification. Notice of Assignment of Recusal Judge (Aug. 6, 2021). Judge Lamorena, III subsequently denied Defendant's Motion of Recusal & Disqualification, in part due to Defendant's lack of specificity in alleging the existence of bias. Decision and Order Denying Defendant's Motion of Recusal & Disqualification at 2-3 (Sep. 10, 2021).

On September 13, 2021, Defendant filed his Motion for Reconsideration. Defendant once again argued that Guam Superior Court lacks jurisdiction over the case due to lack of personal jurisdiction. Motion for Reconsideration at ¶ 1 (Sep. 13, 2021). Expanding on this, Defendant claims he properly filed a Motion to Transfer to Guam District Court that went unrecognized. Id. at ¶ 15(e). Defendant also continues to allege general negligence against Judge Iriarte's courtroom, such as the scheduling of remote hearings without having an agenda. Id. at ¶ 15(j). Lastly, Defendant claims the Guam Supreme Court abused their discretion when ruling on his appeals,

## DISCUSSION

**I.   Defendant Provides No Reason Why Judge Iriarte's Impartiality May Reasonably Be Questioned.**

A judge is disqualified from presiding over a matter in which her impartiality may reasonably be questioned or where she possesses a personal bias or prejudice concerning a party. 7 G.C.A. § 6105(a)-(b)(1). In interpreting the substantive grounds for disqualification, "what matters is the appearance of bias, not actual bias." *People v. Camaddu*, 2015 Guam 2 ¶ 74 (internal quotation marks omitted) (*citing Van Dox v. Superior Court*, 2008 Guam 7 ¶ 32). Thus, a judge who is in fact unbiased, must still disqualify themselves if the public can

reasonably question the fairness of the legal proceedings. *See Dizon v. Superior Court of Guam*, 1998 Guam 3 ¶ 15 ("[t]he standard is whether a reasonable person could doubt [the judge's] ability to be impartial").

If a party believes a judge is disqualified based on earlier rulings, the party must demonstrate the judge's behavior "was so extreme as to display clear inability to render a fair judgment." *See People of Guam v. Tennessen*, 2010 Guam 12 ¶ 34 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 (9th Cir. 2005)). "On the other hand, 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women ... sometimes display' do not establish bias." Id. (citing *Liteky v. U.S.*, 510 U.S. 540, 555-556 (1990)).

The Court denied Defendant's original Motion of Recusal & Disqualification in part due to Defendant's lack of specificity in alleging the existence of bias. Decision and Order Denying Defendant's Motion of Recusal & Disqualification at 2-3 (Sep. 10, 2021). Defendant's Motion for Reconsideration fails to remedy these deficiencies, as he continues to give general allegations of bias rather than pointing to any particular language in Judge Iriarte's rulings which demonstrate bias. An issue being decided adversely against a party does not alone prove the existence of bias. To recuse a judge, one must provide specific examples or reasons of why that judge appears biased. Defendant has once again failed to do that here.

**II. Defendant Can Appeal Any Jurisdictional Determinations Judge Iriarte Has Made To The Guam Supreme Court.**

Additionally, Defendant tries to prove the existence of bias due to Judge Iriarte issuing decisions while lacking personal jurisdiction over Defendant. Motion for Reconsideration at ¶ 1 (Sep. 13, 2021).

Personal jurisdiction can be obtained in a number of ways. While state of domicile is one way to establish personal jurisdiction, personal service in the forum state (also known as transient jurisdiction or tag jurisdiction) also establishes personal jurisdiction. *Burnham v. Superior Court of California*, 495 U.S. 604, 606 (1990). Here, Defendant was served

personally in Guam, so the Superior Court of Guam and Judge Iriarte's courtroom did originally have jurisdiction over the case. Declaration of Service (Jun. 7, 2018). Whether Judge Iriarte was right to continue asserting jurisdiction over Defendant's case following his Motion to Transfer to Guam District Court is a factual issue that the Guam Supreme Court can consider on appeal. Superior Court of Guam Judges are not appellate judges authorized to rule on jurisdictional determinations made by their peers. The fact that Defendant disagrees with whether personal jurisdiction exists does not itself prove the existence of bias.

**II.** **Whether the Guam Supreme Court Abused Their Discretion Has Nothing To Do With Judge Iriarte's Jurisdiction Over This Case.**

Defendant has twice appealed Judge Iriarte's decisions to the Guam Supreme Court, and neither decisions were reversed. *See* CVA20-016 (Order (Jun. 24, 2021)) (dismissing interlocutory appeal on procedural grounds); CVA20-002 (Order (Dec. 4, 2020)) (dismissing appeal based on Defendant's procedural errors).

Despite Defendant's argument, whether the Guam Supreme Court abused their discretion in making these decisions is irrelevant towards whether Judge Iriarte can continue presiding over this matter. Those alleged abuses of discretion took place in a completely different courtroom. Defendant's proper remedy is to appeal these decisions to the United States Supreme Court, which he's already done. Motion for Reconsideration at ¶ 18 (Sep. 13, 2021).

<b>CONCLUSION</b>

For the reasons stated above, the Court **DENIES** Defendant's Motion. This Court returns this matter to Judge Iriarte for further disposition. If Defendant has additional issues with this ruling, he can appeal it to the Guam Supreme Court.

**IT IS SO ORDERED** this _____ November 24, 2021

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
Berman, Shay F
Arola

Date: _____ Time: 1/24/21

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**